UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 24-12532-MJJ

Wes C. Doughty, Petitioner

-v-

Kenneth Lizotte, Respondent,

PETITIONER'S VERIFIED MOTION
FOR THE COURT, JOUN, D.J.,
TO DISQUALIFY ITSELF

The petitioner, appearing Pro Se, hereby moves this Court, pursuant to 28 U.S.C. §455(a) to disqualify itself where its impartiality, according to the §144 Affidavit enclosed, is in question.

Also, under 28 U.S.C. §455(b)(1), the Court appears to have a personal bias or prejudice concerning the petitioner, where the Court, Joun, D.J., has failed to address the petitioner's [due diligence] motions by its applying the law to the facts in this case.

As grounds therefore, the petitioner submits an Affidavit pursuant to 28 U.S.C. §144. Litecky v. United States, 510 U.S. 540, 114 S.Ct. 1147, 127 L. Ed. 2d 474 (1994)(a deep-seated favoritism for the government is evident in the Court's decisions, with no reasons or stated basis in the laws of the United States)

Disqualify                    -2-                    Doughty

The petitioner's Direct Appeal to the Supreme
Judicial Court was decided May 2, 2023. [Commonwealth
v. Doughty, 491 Mass. 788 (2023)

The petitioner's 28 U.S.C. §2254 Habeas Corpus
Petition was filed on October 1, 2024, which included
31 issues, filed under the auspices of Picard v. Connor,
404 U.S. 270, 275 (1971)(where the petitioner submitted
his Habeas Corpus Petition, Exhibits A - E, and an
Appendix, pp. 1-291 [incorporated by reference], the
exhaustion of State remedies, which, under Picard, ante,
"...once the Federal claims has/have been fairly pre-
sented to the State Courts, the exhaustion requirement
is satisfied."`

It is obvious to the petitioner that the Court,
Joun, D.J., did not read anything except the bare-faced
facts only Habeas Corpus Petition. [Doc. 1][1]

---

[1]    The Court could have assigned [all the reading of documents] to U.S.
Magistrate Judge Jessica D. Hedges, but declined to do so.

Disqualify                    -3-                    Doughty

On December 3, 2024, the Court, Joun, D.J., ordered the respondent to file an Answer/Responsive pleading within 21 days. [Doc. 8]

The respondent first ignored the Service Order, filed a Motion For Relief From the Requirements of Local Rule 7/1(A)(2), no reason or law given, which was automatically ALLOWED by the Court, Joun, D.J., no reason given, with an Extension of Time to respond. [Docs. 10-14]

Even though the petitioner had filed the Habeas Courpus Petition, with Exhibits A - E, and an Appendix, pp. 1-291 [incorporated by reference], the respondent filed a Motion For A More Definite Statement on January 16, 2025. [Doc. 15,16]

In the respondent's Memorandum of Law In Support of the Motion For a More Defninite Statement, he cites F.R.Civ.P. 10(c) [Adoption by reference] which made the Exhibits A - E, and the Appendix, pp. 1-291, part of the Habeas Corpus Petition, and, he cited Dye v. Hofbauer, 546 U.S. 1, 3 (2005)(failure of a State Appellate Court to mention a Federal claim does not mean the claim was not presented to it)

Disqualify                    -4-                    Doughty

Petitioner's appellate attorney, Jeffrey Baler, raised 8 issues on Direct Appeal, 7 of which were "federalized" pursuant to Picard, ante.

The other 23 issues, which included the 8th issue fron the Direct Appeal, were raised in the petitioner's Superior Court Rule 61A Motion For New Trial, based on newly available evidence, fully and squarely raising the Federal law claims, and constitutional violations, with due diligence. Johnson v. United States, 544 U.S. 295, 308 (2005)(how to implement the statutory mandate that a petitioner act with due diligence)

It is obvious to the petitioner, that because there were 31 issues, which required the Assistant Attorney General to apply the law to the facts, or otherwise would result in a decision that was contrary to, or involved an unreasonable application of, clearly estab-lished Federal law, as determined by the Supreme Court of the United States, and where there appeared to be a controversy between the State and the petitioner on questions of Federal law, the Court would also be re-quired to apply the law to the facts.

Disqualify                    -5-                    Doughty

See, <u>Gamble v. United States</u>, 587 U.S. 678, 723
(2019)(Judicial <u>duty</u> is to apply the law to the facts
of a case)

The petitioner offers this Court, the proposition
that the respondent filed the Motion For A More Definite
Statement as a ploy to abrogate its obligation to apply
the law to the facts and that, pursuant to <u>Fed.R.Civ.P.</u>
<u>10(c)</u> the full documentary application for a Writ of
Habeas Corpus [Doc. No. 1] was <u>not</u> vague and ambiguous,
but the respondent needed to avoid <u>answering</u> each and
every one of the 31 issues, or the writ would issue.
<u>Martin v. United States</u>, 605 U.S. 395, 412 (2025)

[The Court, Joun, D.J.'s biased and showing favoritism
to the respondent, without giveing any legal reason,
or applying Federal law to the facts, issued an order]:

> "After careful review and consideration of
> the petition, Doc. No. [1], Respondent's
> Motion For A More Definite Statement, Doc.
> No. [15], and Petitioner's Opposition, Doc.
> No. [17] the Court GRANTS the motion.
> Petitioner is instructed to amend his Petition,
> attempting to resolve the issues raised in
> Respondent's Motion, as best as he is able,
> understanding that Petitioner is Pro Se,
> currently incarcerated at MCI-Norfolk with
> limited resources. Petitioner shall have
> until March 28, 2025 to file an Amended Peti-
> tion. [Doc. No. [18]

The Court, Joun, D.J., needlessly recognized
the petitioner's Pro Se status [perhaps under Haines
v. Kerner, 404 U.S. 519, 520 (1972)(Pro Se held to
less stringent standards than formal pleadings) but
the Court, Joun, D.J., was just "posturing," as it
did not apply "less stringent standards," and, in fact
did not apply any "standards" at all.

The Antiterrorism Effective Death Penalty Act of
1996 seeks to eliminate delays in the Federal habeas
review process.

Document 29, a Memorandum And Order by the District
Court, Joun, D.J., was a "Dismissed Without Prejudice,"
and ordinarily this would be a "final order" if the
decision contained a sufficient indicia of substantive
finality, Brady v. Sullivan, 893 F.2d 872, 876, n.8
(7th Cir. 1989), but because the granting of the re-
spondend's Motion To Dismiss [for the failure to exhaust
State remedies, which the petitioner had exhausted twice,
was "...adverse to the petitioner," which invoked Eule
11(a) of the Rules Governing Section 2254 Proceedings,
with which the Court, Joun, D.J., failed to comply,

Disqualify                    -7-              Doughty

the Court's Memorandum And Order was not a "final order,"
to which the petitioner would have had to file a Notice
Of Appeal within 30 days.

Rule 11(a) is mandatory.  Under 28 U.S.C. §2253(c)
unless a COA is issued, no appeal may be taken from
(A) the final order in a habeas proceeding in which
the detention complained of arises out of process issued
by a State Court....

After the case was closed on July 2, 2025, the
Court ruled the petitioner has [not] made a substantial
showing of the denial of a constitutional right, [this,
for the first time in the case] and appears to be just
a "conclusory" decision. Bell Atl. Corp. v. Twombly,
550 U.S. 544, 557 (2007)(conclusory allegation...does
not supply facts adequate to show illegality)

Should the petitioner have to appeal this motion
to the Court of Appeals, which does not require a COA,
he will remark on the District Court's passing on the
legal sufficiency of his 28 U.S.C. §144 Affidavit, but
not whether the petitioner has presented the truth of
the matters alleged.

Disqualify                    -8-                    Doughty

    The question is:  "Whether the Court's impartiality
might reasonably be questioned?"  See, <u>Davis v. Board</u>
<u>of School Comm'rs.</u>, 517 F.2d 1052 (5th Cir.,1975)

    Here, the Affidavit Under 28 U.S.C. §144 has been
filed under the aegis of "Good Faith," in the hopes
that the Court, Joun., D.J., will now fairly adjudicate
the petitioner's pleadings, or, in the alternative,
recommend the case be assigned to an unbiased Magistrate
Judge, or a different District Court Judge.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS
13TH DAY OF JANUARY, TWO THOUSAND TWENTY SIX,

1/13/2026        /s/ _Wesley_____
                 Wes C. Doughty
                 Box 43,
                 Norfolk, MA 02025